UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. LEGRAND,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DR. MARY CARPENTER, Medical<br>Director, in her individual and official<br>capacity; DAN SULLIVAN, Warden of<br>Sioux Falls Prisons, in his individual<br>capacity; TERESA BITTINGER, in her<br>official capacity,<br><br>                    Defendants. | 4:22-CV-04168-KES<br><br><br><br>1915A SCREENING |

Plaintiff, John L. LeGrand, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. LeGrand paid his full filing fee at the start of this lawsuit. LeGrand has filed a motion for appointment of counsel and a motion seeking a clarification of case screening status. Dockets 4, 6. In a brief submitted with his complaint, LeGrand also asks this court to appoint a medical expert. Docket 2 at 9. This court will now screen LeGrand's complaint under 28 U.S.C. § 1915A.

## I.    1915A Screening

### A.    Factual Background

The facts alleged in LeGrand's complaint are: that Medical Director Dr. Mary Carpenter and former South Dakota State Penitentiary Warden Dan

Sullivan[1] failed to allow LeGrand medical treatment for a painful condition. Docket 1 at 2, 4-6. LeGrand claims that he was diagnosed with Dupuytren's Contractures in 2013, a condition that "creates extreme pain and immobility" in his hands. *Id.* at 4. He claims that Dr. Carpenter "would grant initial treatments and then would deny recommendations by [m]edical experts for continued, follow up, or recommended shots[.]" *Id.* He also claims that Dr. Carpenter "den[ied] all [m]edical requests for treatment by her own staff and medical team, and all specialists" for seven years. *Id.* LeGrand alleges that Dr. McPhersen at CORE Orthopedics "would repeatedly request and recommend that [he] be given Xiaflex shots" to ease his pain and help him regain control of his hands but that defendants denied these treatments for seven years. *Id.* at 5. He alleges that medical staff at the State Penitentiary is "ill equipped to deal with [his] serious medical need" and that "they are not equipped to make judgment calls" regarding his condition. *Id.* at 6. He also alleges that Sullivan denied all grievances submitted as to his medical needs. *Id.* at 4.

LeGrand brings claims for deliberate indifference to his serious medical needs in violation of his Eighth Amendment and Fourteenth Amendment rights against defendants. *See id.* at 4-5. He also brings a state-law medical

---

[1] LeGrand brings a claim against Dan Sullivan, the former South Dakota State Penitentiary Warden, in his individual and official capacity. Docket 1 at 2. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." The current South Dakota State Penitentiary Warden is Teresa Bittinger, who is automatically substituted for Sullivan on the official capacity claims. *See id.*

2

malpractice claim against Dr. Carpenter. *Id.* at 6. He sues Dr. Carpenter in her individual and official capacity, Sullivan in his individual capacity, and Bittinger in her official capacity. *See id.* at 2. LeGrand claims that the denial of medical treatment has caused permanent damage to his hands and nerves resulting in extreme pain and suffering. Docket 1 at 4-6. He seeks $3,000,000 for medical neglect and past and future pain and suffering as well as attorney's fees and his filing fee for this lawsuit. *Id.* at 7; Docket 2 at 9. He also seeks any other fees this court deems appropriate. Docket 2 at 9. He asks this court to order the Department of Corrections (DOC) to provide him with "continuous medical treatment pursuant to the request of any specialists and their recommendation" and to prevent the DOC from retaliating against him. *Id.*

### B.    Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

###### C.     Legal Analysis

####### 1.     Official Capacity Claims for Money Damages

LeGrand brings claims against Dr. Carpenter and Bittinger in their official capacities. *See* Docket 1 at 2. Both Dr. Carpenter and Bittinger are employees of the state of South Dakota. *See id.* "[A] suit against a state official

4

in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* Here, LeGrand requests both money damages and injunctive relief. Docket 1 at 7; Docket 2 at 9. The state of South Dakota has not waived its sovereign immunity. Thus, LeGrand's claims against Dr. Carpenter and Bittinger in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. § 1915A(b)(2).

## 2.    Individual Capacity Claims and Official Capacity Claims for Injunctive Relief

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). LeGrand's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See id.*

### a.    Deliberate Indifference to Serious Medical Needs Claims

LeGrand brings claims for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments. Docket 1 at 4-5. He brings these claims against Dr. Carpenter in her individual and official capacity, against Sullivan in his individual capacity, and against Bittinger in her official capacity. *See* Docket 1 at 2.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will

6

mere disagreement with treatment decisions. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Estate of Rosenberg*, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Coleman*, 114 F.3d at 784 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Generally, personal involvement by defendant state officers is not required in a plaintiff's official capacity claim for injunctive relief; all that is required is that the defendant officers, "by virtue of [their] office[s], ha[ve] some connection" with the unconstitutional policy in question. *See Ex parte Young*, 209 U.S. 123, 157 (1908). But because the alleged constitutional violation is cruel and unusual punishment in violation of the Eighth Amendment and because punishment requires intent, some level of subjective knowledge is still

required. *See Farmer*, 511 U.S. at 844. Other courts have held that this subjective component can be met through "the institution's historical indifference" rather than the knowledge held by a specific individual after that individual was substituted as the named official capacity defendant. *LaMarca v. Turner*, 995 F.2d 1526, 1542 (11th Cir. 1993); *see also Alberti v. Sheriff of Harris Cnty.*, 978 F.2d 893, 894-95 (5th Cir. 1992) (per curiam) (finding "that the state knew" of severe overcrowding in Harris County jails); *Terry ex rel. Terry v. Hill*, 232 F. Supp. 2d 934, 944 (E.D. Ark. 2002) (considering "the entire state of Arkansas, including the executive and legislative branches," to determine whether "the State ha[d] been deliberately indifferent to the needs of pretrial detainees" because defendant, "in his official capacity, . . . [was] merely a representative of . . . the State of Arkansas in the system of mental health treatment" (footnote omitted)).

Here, LeGrand alleges that he suffers from Dupuytren's Contractures, a serious medical need. *See* Docket 1 at 4-6. He alleges that Dr. Carpenter is aware of his serious medical need and has refused to allow him recommended treatments for the past seven years. *Id.* He also alleges that his grievances made Sullivan aware of the lack of treatment and that Sullivan denied these grievances. *Id.* at 4. Thus, he alleges that Dr. Carpenter and Sullivan were aware of and deliberately indifferent to his serious medical need. *See id.* at 4-6. Although LeGrand makes no claims that Bittinger was personally involved in the constitutional deprivation, he need only allege institutional awareness and indifference because he only sues Bittinger in her official capacity. *See*

*LaMarca*, 995 F.2d at 1542. LeGrand's Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Carpenter in her individual and official capacity, against Sullivan in his individual capacity, and against Bittinger in her official capacity survives § 1915A screening.

LeGrand also brings a Fourteenth Amendment claim for deliberate indifference to serious medical needs. Docket 1 at 4. LeGrand makes no argument as to how defendants' alleged failure to provide medical care violated his Fourteenth Amendment rights. *See id.* Thus, his Fourteenth Amendment deliberate indifference to serious medical needs claim is dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

### 3.    State-Law Medical Malpractice Claim

LeGrand brings a claim against Dr. Carpenter for state-law medical malpractice. *Id.* at 6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over all other claims that "form part of the same case or controversy" as the civil action over which this court has original jurisdiction. Thus, this court has jurisdiction over LeGrand's state-law medical malpractice claims.

"In order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." *Hanson v. Big Stone Therapies, Inc.*, 916 N.W.2d 151, 158 (S.D. 2018) (quoting *Hamilton v. Sommers*, 855 N.W.2d 855, 861 (S.D. 2014)). "In a suit for professional negligence, the plaintiff must prove that the professional deviated

from the required standard of care." *Id.* (citing *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D. 1986)).

LeGrand alleges facts sufficient to state a claim for medical malpractice under South Dakota state law. He alleges that Dr. Carpenter is in charge of his medical care and owes him a duty, that she failed to provide medical care and breached that duty, and that he has suffered harm as a result of this breach. *See* Docket 1 at 4-6. Thus, LeGrand's state-law medical malpractice claim survives § 1915A screening.

## II.   Motion for Appointment of Counsel

LeGrand moves for appointment of counsel. Docket 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). LeGrand is not proceeding in forma pauperis and does not contend that he cannot afford counsel. *See* Docket 4. Because LeGrand is not proceeding in forma pauperis, the court does not have discretion pursuant to 28 U.S.C. § 1915(e)(1) to request that an attorney represent him. LeGrand's motion for appointment of counsel (Docket 4) is denied.

## III.   Motion for Expert

In a brief submitted with his complaint, LeGrand asks this court "to appoint a medical expert to evaluate and provide testimony as to the neglect presented herein." Docket 2 at 9. This court construes LeGrand's request as a motion for the appointment of an expert. *See id.* "28 U.S.C. § 1915 entitles

indigent prisoners to bring their legal claims to court without pre-payment of the usual fees. There is, however, no similar provision which allows the Court to appoint expert witnesses for the express purpose of supporting a pro se litigant's claims." *Dale v. Dooley*, 4:14-CV-04003-LLP, 2015 WL 224969, at *4, 2015 U.S. Dist. LEXIS 5068, at *9-10 (D.S.D. Jan. 15, 2015). Further, LeGrand is not proceeding in forma pauperis under § 1915.

Federal Rule of Evidence 706(a) allows for this court to appoint an expert witness. But "Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties. In other words, the principal purpose of a court-appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate." *Id.* at *4, 2015 U.S. Dist. LEXIS 5068, at *10 (quoting *Orr v. Valdez*, 2011 WL 5239223, at *2, 2011 U.S. Dist. LEXIS 126513, at *4-5 (D. Idaho Nov. 1, 2011). Here, LeGrand seeks an expert "to evaluate and provide testimony as to the neglect presented herein." Docket 2 at 9. Thus, he asks for an expert to serve as an advocate. *See id.* LeGrand's motion for the appointment of an expert (Docket 2) is denied.

## IV.    Motion to Clarify

LeGrand has filed a motion seeking a clarification of case screening status. Docket 6. In this motion, he requests an order showing that he has been granted in forma pauperis status so that he can ask local law enforcement to serve the complaint upon defendants. *Id.* at 2.

Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy

marshal or by a person specially appointed by the court." The court must order service in this manner "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3). LeGrand has not moved for in forma pauperis status. This court, however, construes LeGrand's motion to clarify to be a motion requesting that this court order service under Rule 4(c)(3) and grants this motion. *See* Docket 6 at 1-2. The Clerk of Court shall send LeGrand blank summons forms and Marshal Service Forms (Form USM-285), and the United States Marshal Service shall serve the complaint upon defendants once LeGrand returns the completed summons and USM-285 forms to the Clerk of Court.

Thus, it is ORDERED:

1. That LeGrand's claims against Dr. Carpenter and Bittinger in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. § 1915A(b)(2).

2. That LeGrand's Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Carpenter in her individual and in her official capacity for injunctive relief, against Sullivan in his individual capacity, and against Bittinger in her official capacity for injunctive relief survives § 1915A screening.

3. That LeGrand's Fourteenth Amendment deliberate indifference to serious medical needs claim is dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

12

4.   That LeGrand's state-law medical malpractice claim against Dr. Carpenter survives § 1915A screening.

5.   That LeGrand's motion for expert (Docket 2) is denied.

6.   That LeGrand's motion for appointment of counsel (Docket 4) is denied.

7.   That LeGrand's motion seeking a clarification of case screening status (Docket 6) is granted.

8.   That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to LeGrand so that he may cause the complaint to be served upon defendants Dr. Carpenter, Sullivan, and Bittinger.

9.   That LeGrand shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Dr. Carpenter, Sullivan, and Bittinger. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.

10.   The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon defendants Dr. Carpenter, Sullivan, and Bittinger.

11.   Defendants Dr. Carpenter, Sullivan, and Bittinger will serve and file an answer or responsive pleading to the complaint on or before 21

days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

12.   LeGrand will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated May 9, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

14