UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. LEGRAND,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DR. MARY CARPENTER, Medical Director, in her individual capacity; DAN SULLIVAN, Warden of Sioux Falls Prisons, in his individual capacity; TERESA BITTINGER, in her official capacity; DR. AARON HAYNES, in his official capacity,<br><br>　　　　　Defendants. | 4:22-CV-04168-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADDRESSES AND GRANTING PLAINTIFF'S MOTION FOR ASSISTED SERVICE |

　　　Plaintiff, John L. LeGrand, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court screened LeGrand's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Docket 8. Defendant Teresa Bittinger was served on June 7, Docket 15, but defendants Dr. Mary Carpenter[1] and Dan Sullivan have not yet been served. *See* Docket

---

[1] LeGrand brings claims against Dr. Mary Carpenter, the former Medical Director of the South Dakota Department of Corrections, in her individual and official capacity. Docket 1 at 2. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." The current South Dakota Department of Corrections Medical Director is Dr. Aaron Haynes, who is automatically substituted for Dr. Carpenter on the official capacity claims. Because Dr. Carpenter has not yet been served in this lawsuit,

16. LeGrand moves this court to order the South Dakota Department of Corrections (DOC) to provide forwarding addresses for Dr. Carpenter and Sullivan. Docket 18.

To the extent LeGrand's motion seeks an order directing the DOC to provide to him the last known address for former DOC employees, the motion is denied. In *Christians v. Young*, the court ordered defendants' counsel to provide to the United States Marshals Service the last known address for the unserved defendants. *Christians v. Young*, 4:20-CV-04083-LLP, 2023 WL 2687260, at *13, 2023 U.S. Dist. LEXIS 56481, at *44-45 (D.S.D. Mar. 29, 2023). The court construes LeGrand's motion as a motion for assisted service and orders counsel who has appeared on behalf of Bittinger to provide the last known addresses for Dr. Carpenter and Sullivan to the United States Marshals Service for service by **July 27, 2023**. *See Hughbanks v. Fluke*, 4:21-CV-04167-KES, 2023 WL 1930334, at *1-2, 2023 U.S. Dist. LEXIS 24325, at *7-11 (D.S.D. Feb. 10, 2023); *Cody v. Clark*, 4:22-CV-04010-KES, 2023 WL 112695, at *7, 2023 U.S. Dist. LEXIS 3380, at *19 (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4)). The Clerk of Court is directed to redact these defendants' addresses from the returns of service before they are filed and to provide redacted copies to LeGrand. *See, e.g., Allen v. Siddiqui*, 2008 WL 2217363, at *1-2, 2008 U.S. Dist. LEXIS 41923, at *3-5 (W.D. Ky. May 27, 2008) (recognizing that when the Marshals Service is

---

LeGrand must submit a USM-285 form and a summons form so that he may cause the complaint to be served upon Dr. Haynes.

directed to effect service the court can have the agency that previously employed the defendant file his last known address under seal); *Skinner v. Beemer*, 2007 WL 2982419, at *1, 2007 U.S. Dist. LEXIS 75531, at *2 (E.D. Mich. Oct. 11, 2007) ("Although the Court is disinclined to provide Defendant['s] . . . home address to the Plaintiff, it would be appropriate to direct [his former employer] to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself."); *Kowalski v. Stewart*, 220 F.R.D. 599, 600 (D. Ariz. 2004) (stating that releasing a former correctional officer's personal information to an inmate would jeopardize his personal safety).

Thus, it is ORDERED:

1. That LeGrand's motion for addresses (Docket 18) is denied.

2. That LeGrand's motion for assisted service (Docket 18) is granted. Counsel who has appeared on behalf of Bittinger must provide the last known addresses for defendants Dr. Mary Carpenter and Dan Sullivan to the United States Marshals Service by **July 27, 2023**. The Clerk of Court must redact these defendants' addresses from the returns of service before they are filed and provide redacted copies to LeGrand.

3. That the Clerk of Court shall send a blank summons form and a blank Marshal Service Form (Form USM-285) to LeGrand so that he may cause the complaint to be served upon defendant Dr. Aaron Haynes.

4. That LeGrand shall complete and send the Clerk of Court a separate summons and USM-285 form for defendant Dr. Haynes. Upon receipt of the completed summons form and USM-285 form, the Clerk of Court will issue the summons. If the completed summons form and USM-285 form are not submitted as directed, the claims against Dr. Haynes may be dismissed.

5. The United States Marshals Service shall serve the completed summonses, together with a copy of the complaint (Docket 1), this court's screening order (Docket 8), and this order, upon defendants Dr. Carpenter, Sullivan, and Dr. Haynes.

6. Defendants Dr. Carpenter, Sullivan, and Dr. Haynes will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. LeGrand will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated July 14, 2023.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE