UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. LEGRAND,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, Medical Director, in her individual capacity; DAN SULLIVAN, Warden of Sioux Falls Prisons, in his individual capacity; TERESA BITTINGER, in her official capacity; DR. AARON HAYNES, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections, in her official capacity; and DR. MARK RECTOR, in his individual and official capacity,<br><br>    Defendants. | 4:22-CV-04168-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY AND DENYING PLAINTIFF'S MOTION FOR ASSISTANCE WITH SERVICE** |

Plaintiff, John L. LeGrand, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court screened LeGrand's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Docket 8. LeGrand's Eighth Amendment deliberate indifference to serious medical needs claim against Teresa Bittinger in her official capacity for injunctive relief survived screening. *Id.* at 12. Bittinger is no longer the Warden of the SDSP. Docket 124 at 2. LeGrand moves to substitute Amber Pirraglia, who is the

interim Warden of the SDSP, on his official capacity claim against Bittinger.[1] *Id.* at 1. LeGrand also moves for "assisted service . . . to allow Pirraglia to answer the complaint filed by LeGrand." *Id.* at 2 (capitalization in original omitted). Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Amber Pirraglia, the acting Warden at the SDSP, is automatically substituted for Bittinger on the official capacity claim. *See id.* Accordingly, to the extent that LeGrand moves, pursuant to Rule 25(d), to substitute Amber Pirraglia, in her official capacity, on his official capacity claim against Bittinger, LeGrand's motion (Docket 124) is granted.

    LeGrand also moves for assisted service. Bittinger, in her official capacity, answered LeGrand's complaint. Docket 13. Bittinger, in her official capacity, has filed a motion for summary judgment. Docket 55. LeGrand has not asserted any claims against Pirraglia in her individual capacity. Rather, Pirraglia, in her official capacity as the interim Warden of the SDPS, is substituted for her predecessor, Bittinger, on the official capacity claim. It is not necessary to serve Pirragila to effectuate this substitution, and it is not necessary for Pirragila to answer or otherwise respond to LeGrand's complaint.

---

[1] In his motion, LeGrand indicates that Bittinger is "now sued in her individual capacity only." Docket 124 at 1 (capitalization in original omitted). LeGrand has not brought any claims against Bittinger in her individual capacity. *See generally* Docket 1. Thus, Bittinger is no longer a party to this action in any capacity.

LeGrand's motion for assisted service, Docket 124, is denied as moot. For these reasons,

    IT IS ORDERED:

1. That LeGrand's motion for substitution of party (Docket 124), is granted. Amber Pirraglia, in her official capacity, is substituted pursuant to Fed. R. Civ. P. 25(d), for Teresa Bittinger on the official capacity claim.

2. That LeGrand's motion for assisted service (Docket 124) is denied as moot.

DATED November 13, 2024.

                BY THE COURT:

                /s/ *Camela C. Theeler*
                CAMELA C. THEELER
                UNITED STATES DISTRICT JUDGE