UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. LEGRAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. MARY CARPENTER, Medical Director, in her individual capacity; DAN SULLIVAN, Warden of Sioux Falls Prisons, in his individual capacity; DR. AARON HAYNES, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections, in her official capacity; DR. MARK RECTOR, in his individual and official capacity; and AMBER PIRRAGLIA, in her official capacity.<br><br>　　　　Defendants. | 4:22-CV-04168-CCT<br><br><br>**ORDER ON PLAINTIFF'S PENDING MOTIONS (DOCKETS 91, 92, 93, 94, 95, 96, 98, 107)** |

　　　Plaintiff, John L. LeGrand, who was incarcerated at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court screened LeGrand's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Docket 8. LeGrand's Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Carpenter in her individual and official capacity for injunctive relief, against Sullivan in his individual capacity, and against Bittinger in her official capacity for injunctive relief survived screening. *Id.* at 12. LeGrand's state-law medical malpractice claims against Dr.

Carpenter also survived § 1915A screening. *Id.* at 13. Because Dr. Carpenter is no longer the Medical Director of the Department of Corrections, her successor, Dr. Aaron Haynes, was substituted for Dr. Carpenter on the official capacity claims. *See* Docket 21 at 1 n.1. Bittinger is no longer the Warden at the SDSP, and Pirraglia, the acting Warden as the SDSP, has been substituted for Bittinger on the official capacity claims. *See* Docket 125.

    The deadline to move to join additional parties and to amend the pleadings was August 21, 2023. Docket 14 ¶ 1; Docket 20. Shortly before the expiration of the motion to amend deadline, LeGrand filed an amended pleading including supplemental claims and joining additional defendants. Docket 30. Defendants objected to LeGrand's amended pleading because he did not obtain leave of court in accordance with Federal Rule of Civil Procedure 15 before filing the amended pleading. Docket 35. The court determined that LeGrand's Eighth Amendment claim for deliberate indifference to serious medical needs against Wasko in her official capacity for injunctive relief; Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Rector in his individual and official capacity for injunctive relief; Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Haynes in his individual capacity; and state-law medical malpractice claims against Dr. Rector and Dr. Haynes were not futile and could proceed. Docket 77 at 10–15, 21–22. The court then issued an Amended Scheduling Order setting a discovery deadline of June 7, 2024, and a motion deadline for the claims in the LeGrand's amended and supplemental complaint (Docket 30) that

the court determined are not futile and could proceed. Docket 85. The Amended Scheduling Order provides "[t]hat the parties may **not** conduct any further discovery or file any further motions, other than motions in limine, related to any of LeGrand's claims set forth in his complaint (Docket 1)." *Id.* ¶ 1.

LeGrand has filed various motions regarding his desire to depose numerous inmates and experts, *see* Dockets 92, 93, 94, 95, 96, and 98, as well as a motion for an order assigning an ADA aid, *see* Docket 91, and a motion to disqualify defendants' counsel, *see* Docket 107. The court now considers these motions.

I. **Motion for an Order to Assign A.D.A. Aid (Docket 91)**

According to LeGrand, on August 14, 2023, the Department of Corrections (DOC) granted his request for an ADA accommodation and assigned LeGrand's cellmate at the time, Jeffery J. Lout, as LeGrand's legal aid/typist. Docket 91 at 2. Lout served as LeGrand's legal aid/typist until January 24, 2024, when LeGrand was transferred to a different housing unit. *Id.* at 1. Instead of renewing his request for an ADA accommodation after being transferred to a different housing unit, LeGrand moves for order directing defendants to assign Lout not only to serve as a legal typist, but also to provide LeGrand with legal assistance. *See generally id.* Defendants oppose LeGrand's motion. Docket 99 at 3–6. Defendants contend that LeGrand does not have a right to "dictate who is assigned as his 'A.D.A. Aid/Legal Writer.'" *Id.* at 4.

3

The court agrees that LeGrand does not have a right to demand that a specific inmate be assigned to assist him with legal typing, especially if LeGrand's request poses operational issues for the DOC. Additionally, LeGrand's motion seeks injunctive relief that is unrelated to the claims he has raised in this action. As explained above, LeGrand's Eighth Amendment deliberate indifference claims and state-law medical malpractice claims survived screening. *See* Docket 8 at 12–13; Docket 77 at 10–15, 21–22. His initial complaint did not include a claim alleging violation of the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), or his First Amendment right to access the courts. *See generally* Docket 1. LeGrand's proposed amended and supplemental complaint, when liberally construed, alleged a violation of the ADA, the RA, and the South Dakota Human Relations Act (SDHRA). *See* Docket 30 ¶¶ 22, 43, 44, 45. The court determined that these claims were futile and could not proceed. Docket 77 at 15–19. Thus, there is not a pending claim alleging that any defendant failed to accommodate any alleged disability. Because LeGrand's motion seeks injunctive relief unrelated to his pending claims, his motion for an order to assign an ADA aid, Docket 91, is denied. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

## II. Discovery Motions

LeGrand's discovery motions, Dockets 92, 93, 94, 95, 96, and 98, were all filed on June 14, 2024. Defendants argue that the motions should be denied because they were filed after the June 7, 2024, discovery deadline. Docket 99 at 2. LeGrand's discovery motions all contain a certificate of service stating that they were served through first class prepaid postage in the U.S. Postal Service on the 31st day of May, 2024. Docket 92 at 3; Docket 93 at 3; Docket 94 at 4; Docket 95 at 4; Docket 96 at 3; Docket 98 at 4.

The prisoner mailbox rule, in its original form, deems a pro se prisoner's notice of appeal "filed" at the moment it is delivered to the warden for forwarding to the clerk of the district court. *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 270–76 (1988)). Rule 4 of the Federal Rules of Appellate Procedure incorporates the Supreme Court's recognition of the prisoner mailbox rule. *Id.* Federal Rule of Appellate Procedure 4(c)(1) provides that "[i]f an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing[.]" Although Rule 4(c)(1) applies only to notices of appeal, the Eighth Circuit has applied the prison mailbox rule "outside the appellate sphere." *Grady*, 269 F.3d at 916. But the Eighth Circuit has "closely hewed to the requirements of Rule 4(c) in determining whether a prisoner may benefit from the prison mailbox rule." *Id.* Rule 4(c)(1)(A) requires that a prisoner submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting out the date of deposit in the

5

prison's internal mail system. While LeGrand's discovery motions include a certificate of service, his motions do not include a declaration in compliance with 28 U.S.C. § 1746 or notarized statement as required by Rule 4(c)(1)(A). *See* Docket 92 at 3; Docket 93 at 3; Docket 94 at 4; Docket 95 at 4; Docket 96 at 3; Docket 98 at 4. However, even if the court gives LeGrand the benefit of the prison mailbox rule and considers his motions as timely, LeGrand is not entitled to conduct the discovery outlined in his motions.

LeGrand seeks leave of court to depose eight or nine expert witnesses, along with a dozen inmate lay witnesses. Docket 92 at 2; *see also* Docket 97. He requests that the court appoint a stenographer for the depositions and schedule the depositions at the federal courthouse in Sioux Falls. Docket 92 at 2. In his motion for an order appointing a stenographer, LeGrand states that he is indigent and "without the economic and financial means to obtain a stenographer[.]" Docket 93 at 1 (capitalization in original omitted). LeGrand argues that Federal Rules of Civil Procedure 27 and 28 give the court authority to appoint a stenographer to transcribe the depositions he wants to take. *Id.* at 2. LeGrand also seeks an order requesting that the court order that the inmates LeGrand seeks to depose be transported to the federal courthouse for their depositions. Docket 98.

Generally, leave of court is not required when a party seeks to take a deposition. Fed. R. Civ. P. 30(a)(1). But Federal Rule of Civil Procedure 30(a)(2)(B) provides that leave of court is required "if the deponent is confined in prison." Further, because LeGrand seeks to take more than ten depositions,

6

he must obtain leave of court to take more than ten depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Here, LeGrand has not demonstrated good cause for granting him leave to depose any inmates or any expert witnesses. The Amended Scheduling Order specifically provides "[t]hat the parties may **not** conduct any further discovery or file any further motions, other than motions in limine, related to any of LeGrand's claims set forth in his complaint (Docket 1)." Docket 85 ¶ 1. The depositions LeGrand identifies he plans to conduct are not limited to the claims in his amended and supplemental complaint (Docket 30) that the court determined are not futile and could proceed. Thus, even if LeGrand's discovery motions are timely, the scope of the discovery he seeks to conduct is beyond the scope of discovery permitted by Amended Scheduling Order. The discovery LeGrand seeks to conduct should have been commenced in time to be completed before November 20, 2023, and none of his pending discovery motions articulate any reason that he could not have done so. *See* Docket 51 ¶ 1; Docket 92; Docket 93; Docket 94; Docket 95; Docket 96; Docket 98. LeGrand's motion for leave to take depositions, Docket 92, is denied.

     LeGrand seeks to depose Dr. Sultana and Physician Assistant Hanvey, who were his primary care providers while they were employed or contracted through the DOC. Docket 94 at 2. LeGrand contends that these witnesses have knowledge of his Dupuytren's Contractures and the care and treatment that condition required. *Id.* He seeks to depose these witnesses to counter the "facts and arguments set out and declared by Dr. Carpenter within this case." *Id.* (capitalization in original omitted). LeGrand's Eighth Amendment deliberate

indifference to serious medical needs claim against Dr. Carpenter and his state-law medical malpractice claim against Dr. Carpenter survived § 1915A screening. Docket 8 at 12, 13. On June 20, 2023, the court entered a scheduling order providing that all discovery, including expert discovery, shall be commenced in time to be completed by Wednesday, October 18, 2023. Docket 14 ¶ 2. Subsequently, the court granted LeGrand's motion to extend the discovery deadline until November 20, 2023. Docket 51 ¶ 1. The deadline for conducting discovery on LeGrand's claims against Dr. Carpenter expired on November 20, 2023, almost seven months before LeGrand filed any of his motions seeking to conduct discovery. *Id.*; Dockets 92–96, 98. Further, LeGrand's deadline for responding to Dr. Carpenter's motion for summary judgment expired on January 8, 2024, Docket 67 at 4, more than six months before LeGrand filed any of his discovery motions. *See generally* Dockets 92–96, 98. For these reasons, LeGrand's motion for an order directing defense counsel to provide Dr. Sultana's and PA Hanvey's addresses for service of a subpoena, Docket 94, is denied.

      In his motion for an order setting a deposition hearing, LeGrand seems to argue that the court should grant his discovery motions and affirmatively assist him in conducting depositions because he is indigent and lacks the financial resources to hire an attorney or retain expert witnesses, and the court has denied his motions for appointment of counsel and appointment of expert witnesses. Docket 95 at 2. In support of his motion to appoint stenographer, LeGrand asserts that he is "an [indigent] inmate confined at South Dakota

State Penitentiary. He is without the economic and financial means to obtain a stenographer[.]" Docket 93 at 1 (first set of brackets in original, but capitalization in original omitted). In this case, LeGrand paid the full filing fee and did not move for leave to proceed in forma pauperis. *See generally* Docket 1. However, even if LeGrand were proceeding in forma pauperis, that would not be a reason for the court to assist him in conducting discovery.

"Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery or securing a court reporter." *Baker v. Immanuel Med. Ctr.*, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007). Federal Rule of Civil Procedure 30(b)(3) requires that a party seeking to conduct a deposition bear the costs of recording the deposition. It is well established that 28 U.S.C. § 1915 does not authorize the court to pay deposition expenses such as court reporter and witness fees. *Baker*, 2007 WL 2914547, at *2 (collecting cases); *see also Wright v. United States*, 948 F. Supp. 61 (M.D. Fla. 1996) (holding that a plaintiff proceeding in forma pauperis is responsible for paying any costs of any depositions that he conducts including court reporter fees and costs for transcription of oral depositions).[1] For these reasons, as well as the fact that LeGrand seeks to conduct discovery beyond

---

[1] While Rule 28 permits the court to appoint an officer "to administer oaths and take testimony[,]" LeGrand misconstrues the purpose of Rule 28(a)(1)(B). The purpose of Rule 28 is to "take care of a situation in which depositions must be taken in an isolated place where there is no one readily available who has power to administer oaths and take testimony and also to afford a more convenient method of taking depositions where state lines intervene between the location of various witnesses otherwise closely grouped." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2082.

the limited scope of discovery permitted by the court's amended scheduling order, LeGrand's motion for an order appointing stenographer (Docket 93), and motion for an order setting a deposition hearing (Docket 95) are denied.

### III.  Motion to Disqualify Defense Counsel (Docket 107)

LeGrand moves to disqualify the South Dakota Attorney General's Office from representing any of the defendants in this action. Docket 107. LeGrand contends that the Attorney General's Office cannot represent Carpenter and Sullivan because they are no longer employed by the State of South Dakota. *Id.* at 3. LeGrand also contends that the Attorney General's Office cannot represent the remaining defendants who are employed by the State of South Dakota because of "longstanding misconduct of dishonesty, deceit, and fraudulent conduct performed through the Attorney's General's (Firm) Office[.]" *Id.* at 2 (capitalization and quotation marks in original omitted). The alleged dishonest, deceitful, and fraudulent conduct consists of representing former state employees being sued for their official conduct. *Id.* The court has previously considered and rejected LeGrand's argument that the Attorney General's Office cannot represent a former state employee in a lawsuit arising out of the former employee's performance of his or her duties for the State of South Dakota. *See* Docket 77 at 5–6. Further, LeGrand cites no authority to support his contention that the Attorney General's office cannot represent former employees who are sued for their conduct while employed by the State of South Dakota. *See generally* Docket 107.

LeGrand, as the party seeking disqualification, "bears a heavy burden of demonstrating that disqualification is necessary." *Weiss v. City Univ. of N.Y.*, 2019 WL 5891894, at *4 (S.D.N.Y. Nov. 10, 2019) (quoting *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231–32 (S.D.N.Y. 2010)). LeGrand has not met his burden.

South Dakota law provides that the duties of the Attorney General include "whenever in the judgment of the attorney general, the welfare of the state demands, to appear for the state and prosecute or defend, in any court or before any officer, any cause or matter, civil or criminal, in which the state may be a party or interested[.]" SDCL § 1-11-1(2). The State is "interested" when any civil action is commenced against a State officer, employee or agent arising out of his office, employment or agency. In fact, South Dakota law requires in such a case that "a copy of the summons and complaint shall be mailed, certified mail, postage prepaid to the attorney general[.]" SDCL § 15-6-4(d)(6). Other courts that have considered a plaintiff's motion to disqualify a state Attorney General's office from representing defendants in an action under 42 U.S.C. § 1983 have consistently rejected the same arguments LeGrand now raises and denied the motion to disqualify. *See, e.g., Walker v. Clayton*, 730 F. App'x 370, 374 (7th Cir. 2018); *Sundquist v. Nebraska*, 2015 WL 6118515, at *1–2 (D. Neb. Oct. 16, 2015); *Neighbors v. Kemp*, 2006 WL 3500872, at *1 (E.D. Cal. Dec. 5, 2006); *Grant v. Harvey*, 2012 WL 1958878, at *2–3 (S.D.N.Y. May 24, 2012); *Smith v. Jaynes*, 2019 WL 11727238, at *4 (N.D.N.Y. May 21, 2019); *Weiss*, 2019 WL 5891894, at *5 (reasoning that accepting the plaintiff's argument

11

would result in the state Attorney General's office being unable to defend State employees against allegations of wrongdoing and render as meaningless a statute empowering the attorney general to defend all actions and proceedings in which the state is interested). Notably, the United States Court of Appeals for the Eighth Circuit has held that the Minnesota Attorney General has authority to represent State defendants "sued in their individual capacities" when the "complained-of acts were performed as state officials." *Sina v. Mabley*, 147 F. App'x 616, 617 (8th Cir. 2005) (per curiam). The Eighth Circuit reasoned that Minnesota law provides that the State shall defend State employees in actions arising out of their employment if the employee was acting within the scope of his or her employment. *Id.* (citing Minn. Stat. Ann. § 3.736). Neither the Rules of Professional Conduct nor any provision of South Dakota law prohibit the South Dakota Attorney General's Office from representing current and former employees in this lawsuit arising of the performance of their duties for the State of South Dakota. LeGrand's motion to disqualify, Docket 107, is denied.

## IV.   Conclusion

For these reasons,

IT IS ORDERED:

1. That LeGrand's motion for an ADA aid (Docket 91) is denied.
2. That LeGrand's motion for leave to take depositions (Docket 92), motion for an order appointing stenographer (Docket 93), motion for an order directing defense counsel to provide addresses (Docket 94),

12

and motion for an order setting a deposition hearing (Docket 95), are denied.

3. That LeGrand's motion for an order for subpoenas to appear and testify (Docket 96) and motion for an order to transport (Docket 98) are denied as moot.

4. That LeGrand's motion to disqualify (Docket 107) is denied.

Dated January 23, 2025.

                                  BY THE COURT:

                                  /s/ *Camela C. Theeler*
                                  CAMELA C. THEELER
                                  UNITED STATES DISTRICT JUDGE