UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. LEGRAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. MARY CARPENTER, Medical Director, in her individual capacity; DAN SULLIVAN, Warden of Sioux Falls Prisons, in his individual capacity; DR. AARON HAYNES, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections, in her official capacity; DR. MARK RECTOR, in his individual and official capacity; and AMBER PIRRAGLIA, in her official capacity.<br><br>　　　　Defendants. | 4:22-CV-04168-CCT<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING, OVERRULING PLAINTIFF'S OBJECTION TO THE ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR REHEARING OR RECONSIDERATION** |

　　　　Plaintiff, John L. LeGrand, who was an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. By order dated March 6, 2025, the Court granted Defendants' motions for summary judgment on LeGrand's § 1983 claims and declined to exercise supplemental jurisdiction over LeGrand's state law claims. Docket 147. After entry of judgment in favor of Defendants, LeGrand filed[1] a "Motion to

---

[1] LeGrand's motion was filed on March 7, 2025, but it was mailed on March 5, 2025. Docket 149. It appears that the Court's Order on Defendants' motions for summary judgment (Docket 147) and Judgment (Docket 148) and LeGrand's motion (Docket 149) crossed in the mail.

File a Supplemental Pleading Based on Information Which Just Came to Light" (Docket 149) (capitalization in original omitted). LeGrand also filed a "Notice of Objections to the Court's March 5, 2025 Order Denying or Dismissing LeGrand's Eighth Amendment Claims Against Carpenter, Sullivan, Haynes, Wasko, Rector and Pirralgia [sic]; and Request for Chief Justice's Reconsideration of Defendants' Summary Judgments." Docket 151 (capitalization in original omitted).

I.     **Motion for Leave to File a Supplemental Pleading (Docket 149)**

LeGrand moves for leave to file a supplemental pleading alleging that Defendants violated a court-ordered settlement agreement. Docket 149. Specifically, LeGrand asserts that the District of South Dakota ordered that inmates at the SDSP be provided with any medication ordered by a qualified physician. *Id.* at 2–3. LeGrand's motion is procedurally and substantively flawed.

LeGrand's motion is properly characterized as a motion for leave to file an amended complaint. Amended pleadings "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading." 6A Charles A. Wright et al., Federal Practice And Procedure § 1504 (3d ed.). Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id.* Although LeGrand may only have become aware of "facts" on which his motion is based, the settlement agreement he contends was violated was approved by the court in 2000. *Cody v. Hillard*, 88 F. Supp. 2d 1049

2

(D.S.D. 2000). Because the settlement agreement was approved before LeGrand commenced this action, LeGrand's claim alleging a violation of the settlement agreement related to a matter that occurred before the filing of his complaint. The deadline to move to amend the pleadings was August 21, 2023. Docket 14 ¶ 1; Docket 20. LeGrand's motion for leave to file an amended complaint alleging violation of a court-ordered settlement agreement, which is dated March 5, 2025, and was filed on March 7, 2025, is untimely and denied.

Even if the Court were to consider LeGrand's untimely motion for leave to file an amended complaint, the proposed amendment is futile. Contrary to LeGrand's assertion, the District of South Dakota has not approved a settlement agreement that requires the SDSP to provide inmates with any medication ordered by a qualified physician. When the Honorable Donald J. Porter issued a judgment finding that "the conditions of confinement in the South Dakota State Penitentiary, to the extent set forth in [his] opinion, violate the Eighth Amendment and the Fourteenth Amendment to the Constitution," he found that the lack of an institutional formulary at the SDSP is a health care deficiency. *Cody v. Hillard*, 599 F. Supp. 1025, 1057 (D.S.D. 1984). Judge Porter relied, in part, on *Feliciano v. Barcelo*, 497 F. Supp. 14 (D.P.R. 1979) to support his conclusion that "[t]he written policies of the SDSP prohibiting or discouraging the use by treating physicians of certain medications, when the use of such medications may under certain circumstances be properly indicated, constitutes a health care deficiency." *Cody*, 599 F. Supp. at 1057. In *Feliciano*, the District of Puerto Rico ordered that "inmates be provided with

'any medication prescribed by a qualified physician.'" *Cody*, 599 F. Supp. at 1057 (quoting *Feliciano*, 497 F. Supp. at 41)).

Judge Porter did not order that the SDSP provide inmates with any medication prescribed by a qualified physician. Rather, Judge Porter ordered the defendants to file a plan to change or modify the conditions of confinement at the SDSP to comply with the Eighth and Fourteenth Amendments. *Id.* at 1062. The settlement agreement the court approved does not require the SDSP to provide inmates with any medication prescribed by a qualified physician. *See Cody*, 88 F. Supp. 2d 1049; *Cody v. Hillard*, 4:80-CV-04039, Docket 539-1. Further, the settlement agreement states that "[t]he parties do not contemplate that this agreement will be enforceable in federal court." *Cody*, 4:80-CV-04039, Docket 539-1. Finally, a 1979 order from the District of Puerto Rico does not trump binding precedent from the Eighth Circuit stating that inmates do not have a constitutional right to any particular type of treatment. *See Long v. Nix*, 86 F.3d 761, 756 (8th Cir. 1996). LeGrand's proposed amended complaint alleging violation of a court-ordered settlement agreement is futile. Thus, LeGrand's motion for leave to file a supplemental pleading (Docket 149) is denied on procedural and substantive grounds.

## II. Objection and Request for Chief Justice's Reconsideration (Docket 151)

The Federal Rules of Civil Procedure and the District of South Dakota's Civil Local Rules of Practice do not provide for objections to orders on dispositive motions or motions for rehearing or reconsideration. Typically,

4

courts characterize motions for rehearing or to reconsider as motions made under Rule 59(e) or Rule 60(b). *See, e.g.*, *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). Here, LeGrand requests an "Immediate Rehearing before Chief Justice, Hon. Roberto A. Lang[e]." Docket 151 at 4. LeGrand questions this Court's impartiality and alleges that the Court has colluded with South Dakota Attorney General Marty Jackley and Defendants Kellie Wasko, Amber Pirraglia, and Aaron Haynes to get his "case off the Docket[.]" *Id.* To the extent LeGrand requests that the undersigned recuse herself to permit Chief Judge Lange to rule on LeGrand's objection and motion to reconsider, LeGrand's request is denied.

Under 29 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul*, 748 F.2d. 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970). LeGrand's pleading (Docket 151) does not comply with 28 U.S.C. § 144. *See* 28 U.S.C. § 144 (providing that "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists"). LeGrand's conclusory allegation of "collusion" unsupported by any specific facts is not a basis for recusal. To succeed on a personal bias claim, LeGrand must allege specific facts, not mere conclusions or generalities. *See Alexander v. Medtronic, Inc.*, 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012). That the Court granted Defendants' motions for summary judgment does not establish bias and is not

a basis for recusal. *Dossert v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) ("Adverse judicial rulings, however, almost never constitute a valid basis for recusal; the proper course for a dissatisfied litigant is appeal." (internal quotation and citation omitted)). The Court now considers LeGrand's objections and motion for rehearing or reconsideration.

Federal Rule of Civil Procedure 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Although LeGrand's motion, if construed as a Rule 59(e) motion, is timely, LeGrand does not set forth a valid basis for altering or amending the judgment in favor of Defendants. Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." *Richards v. Aramark*

*Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotation omitted). A district court has "wide discretion" in ruling on a Rule 60(b)(6) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

      In his objection and motion for rehearing, LeGrand does not identify any manifest error of law or fact or any basis for relief under Rule 60(b). LeGrand contends that the Court erred in dismissing his claims for injunctive relief against Pirraglia as moot because Pirraglia is the director of prisons and is responsible for the care and custody of all offenders in the custody of the State of South Dakota, regardless of where they are housed. Docket 151 at 2–3. Pirraglia, in her capacity as the acting Warden of the SDSP, was substituted, in accordance with Federal Rule of Civil Procedure 25(d), for Teresa Bittinger, the former Warden of the SDSP. Docket 125 at 2. Pirraglia is not a party in her official capacity as the director of prisons. Further, even if Pirraglia, in her official capacity as the director of prisons, were a party, as the Court explained in its Order granting Defendants' motions for summary judgment on LeGrand's § 1983 claims, LeGrand is not entitled to injunctive relief from any defendant because his Eighth Amendment rights were not violated. Docket 147 at 66.

      Citing 42 U.S.C. § 1985, LeGrand argues that Wasko, Pirraglia, and Haynes "are collectively colluding with one another to violate [his] civil rights[.]" Docket 151 at 4. When the Court granted Defendants' motions for summary judgment, LeGrand had not asserted a claim against Wasko, Pirraglia, and Haynes under 42 U.S.C. § 1985. LeGrand cannot use a Rule 59(e) motion to assert a new claim or new legal theory. *Metropolitan St. Louis Sewer Dist.*, 440

7

F.3d at 934 (stating that the Eighth Circuit "has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment"). Further, because LeGrand has not alleged "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" lays behind Wasko, Pirraglia, and Haynes's actions, a claim under § 1985(3) fails as a matter of law. *See Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) (stating that a plaintiff must show "some racial, or perhaps otherwise class-based invidiously discriminatory animus [lay] behind the conspirators' action" to prove a violation of § 1985(3)). For these reasons, LeGrand's objection to the Court's March 5, 2025 Order is overruled, and his motion for rehearing and reconsideration (Docket 151) is denied.

Thus, it is ORDERED:

1. That LeGrand's motion for leave to file a supplemental pleading (Docket 149) is denied.

2. That LeGrand's objection to the Court's March 5, 2025 Order is overruled, and his motion for rehearing and reconsideration (Docket 151) is denied.

Dated May 27, 2025.

                                                 BY THE COURT:

                                                 /s/ *Camela C. Theeler*
                                                 CAMELA C. THEELER
                                                 UNITED STATES DISTRICT JUDGE